IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| BELINDA SCOTT, ET AL., <br><br> *Plaintiffs,* <br><br> v. <br><br> SAUNDRA SLAGLE, <br><br> *Defendant.* | CIVIL ACTION NO. 6:12-CV-00013 <br><br><br> MEMORANDUM OPINION <br><br><br> JUDGE NORMAN K. MOON |

Plaintiffs filed this matter alleging fraud in Bedford County Circuit Court, and Defendant removed it here. The matter is before me now upon consideration of Defendant's motion for partial summary judgment, which I will grant.

I.

Plaintiffs' amended complaint alleges that Defendant owed a duty of good faith to Plaintiffs by virtue of a sales agreement[1] between the parties regarding the "purchase of a business owned by the defendant together with all business assets." Plaintiffs purchased the business from Defendant and "employed the defendant after the subject sale." As an employee, Defendant committed wrongful acts against Plaintiffs, and she was charged and convicted of crimes relating to those acts in the Bedford County Circuit Court.[2]

---

[1] A copy of the sales agreement was submitted in support of the amended complaint.

[2] Although Defendant fully admits her wrongdoing, the exact scope and the amount of the taking is the subject of a factual dispute. Plaintiffs allege that they "suffered the loss of $330,186.00 in property and $38,106.00 in interest on business debt directly related to the loss of this business income," but Defendant estimates that the amount owed by virtue of her wrongdoing is $2,500. The sum of costs assessed against her in the criminal cases was $1,605.

In Count I, subtitled "Embezzlement," Plaintiffs assert that Defendant, in her role as an employee, committed acts that incurred damages, and they allege bad faith in the performance of the contract for the sale of the business. All the overt acts alleged in the complaint (and, according to Defendant, explored in discovery) took place after the sale of the business, when Defendant had become an employee.[3] In Count II, subtitled "Fraud," Plaintiffs allege that Defendant's intent to defraud them pre-dated the sale, and Defendant denies this.

Regarding Count III, subtitled "Bad Faith," Defendant contends that all acts that form the substance of that claim post-date the sale of the business. Defendant argues that Virginia law does not allow recovery for bad faith in the performance of a contract for acts that take place after the contract has been fully performed.

## II.

The courts of Virginia recognize an implied duty of good faith and fair dealing in the performance of contracts, and in the exercise of discretionary contract rights. *Virginia Vermiculite, Ltd. v. W.R. Grace & Co.*, 156 F.3d 535, 542 (4th Cir. 1998); *Charles E. Brauer Co. v. NationsBank of Virginia, N.A.*, 251 Va. 28, 33 (1996). However, regarding commercial contracts, "the breach of the implied duty under the U.C.C. gives rise only to a cause of action for breach of contract," thereby precluding the tort damages Plaintiffs seek. *Brauer*, 251 Va. at 33 (citation omitted); *see also Devnew v. Brown & Brown, Inc.*, 396 F. Supp. 2d 665, 672 (E.D. Va. 2005) (discussing *Brauer*, and declining to extend into the employment context the covenant

---

[3] In my order of February 19, 2013 (docket no. 58), denying as moot Plaintiff's motion for summary judgment, I noted that, as of that date, no party had "submitted any deposition transcript or excerpt from any transcript, even though Defendant's motion for partial summary judgment and Plaintiffs' response thereto cite deposition transcripts." Defendant apparently erroneously omitted her exhibits, and subsequently corrected the omission.

of good faith and fair dealing implied into commercial contracts by the U.C.C.).

Furthermore, "performance" is defined as "[t]he fulfillment or accomplishment of a promise, contract, or other obligation according to its terms." *Black's Law Dictionary* 1024 (5th ed.). The contract Plaintiffs submitted as an exhibit in support of their amended complaint is a contract for the sale of a business. But Plaintiffs' own account of events is that, before any of the alleged events, the business was sold and the entire transaction contemplated by the contract was completed. The amended complaint states that Plaintiffs "employed the defendant *after* the subject sale." (Emphasis added.) Defendant's deposition testimony indicates that, before the transaction was finalized, she expressed a desire to be employed by the business,[4] and there is no indication that she functioned as an employee until after Plaintiffs took possession of the business.

Defendant took funds from Plaintiffs' banking accounts by virtue of the fact that they employed her after they acquired the ownership and took over the operation of the business. They acquired the business pursuant to the sales agreement, a contract. Any duties under that contract were active only during the performance period for that contract. The contract states, "Seller agrees to sell and the Purchaser agrees to buy" the assets of the business, and there is no factual dispute regarding the sale of the business. The sale was completed when Defendant came to work for Plaintiffs.

To adopt Plaintiffs' theory of bad faith, any party to a contract that had any later grievance with the counter-party to that contract could sue the counter-party in perpetuity based on a contract that had long-since been performed. Performance in this context means "[t]he

---

[4] The sales agreement includes a covenant not to compete.

fulfillment or accomplishment of a promise, contract, or other obligation according to its terms." *Black's Law Dictionary* 1296 (4th ed.). If the contract had not been performed, Defendant would still have been the owner of the business, and Plaintiffs would have no right to complain about her actions. It is undisputed that Plaintiffs were the owners of the business, and thus it is obvious that the contract for the sale of the business was no longer in the "performance" stage.

As a matter of law, the implied duty of good faith and fair dealing in the performance of a contract is inapplicable to conduct that follows the completion of the contract. Subsequent relations are not subject to the implied terms of a completed contract.

### III.

For the stated reasons, the motion for partial summary judgment will be granted. An appropriate order accompanies this memorandum opinion.

Entered this  21st  day of May, 2013.

                                               _____
                                               NORMAN K. MOON
                                               UNITED STATES DISTRICT JUDGE